UNITED STATES DISTRICT COURT                                                JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 16-7166-JFW**
            [CR 00-1025-JFW]                                                Date: March 1, 2017

Title:      Donte Toyron McFarland -v- United States of America

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

  Shannon Reilly                                  None Present
  Courtroom Deputy                                Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                              None

**PROCEEDINGS (IN CHAMBERS):**    ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY [filed 9/23/16; Docket No. 1]

On September 23, 2016, Petitioner Donte McFarland ("McFarland") filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"). On October 19, 2016, Respondent United States of America (the "Government") filed its Opposition. On October 31, 2016, McFarland filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the matter appropriate for submission on the papers without oral argument. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

   **A.      McFarland's Conviction and Sentence**

On August 29, 2000, McFarland committed an armed robbery of the Los Padres Bank, an FDIC-insured bank, located in Pismo Beach, California. During the robbery, McFarland, who was wearing clothing identifying him as "Security," grabbed a customer by the neck, pointed his handgun at her head, and ordered her to lay down. McFarland then pointed his handgun at a bank teller while he removed cash from the bank teller's drawer. McFarland and his co-defendants stole approximately $100,975 from Los Padres Bank.

On September 22, 2000, McFarland committed an attempted armed robbery of the Los Padres Bank located in Atascadero, California. During the attempted robbery, McFarland, who was wearing clothing marked with "Federal Express" emblems, pointed his handgun at a bank

teller's face and ordered the bank teller to lay on the floor.

On October 6, 2000, a federal grand jury indicted McFarland and his co-defendants, charging McFarland with five counts: (1) conspiring to commit armed bank robbery in violation of 18 U.S.C. § 371; (2) armed bank robbery, in violation of 18 U.S.C § 2113(a), (d); (3) using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); (4) attempted armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d); and (5) using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). On May 29, 2001, McFarland pled guilty to count four – attempted armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) – and count five – using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). On June 1, 2001, after a three day trial, a jury found McFarland guilty of the remaining counts: (1) conspiring to commit armed bank robbery in violation of 18 U.S.C. § 371; (2) armed bank robbery in violation of 18 U.S.C § 2113(a), (d); and (3) using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).

On September 17, 2001, McFarland was sentenced to 494 months under the then-mandatory Sentencing Guidelines – 60 months on Count 1 (the conspiracy count); 110 months on Counts 2 and 4 (the bank robbery counts), with Counts 1, 2, and 4 to run concurrently to each other; plus a mandatory 84 months on Count 3 (one of the Section 924(c) counts) and a mandatory consecutive 300 months on Count 5 (the other Section 924(c) count). The Court also imposed a 5 year term of supervised release, a $500 special assessment, and restitution in the amount of $100,975.00.

### B.    McFarland's Appeal and First Section 2255 Motion

On September 21, 2001, McFarland filed a Notice of Appeal. On November 18, 2003, the Ninth Circuit affirmed McFarland's conviction and sentence. *United States v. Wilson*, 86 F. App'x 232 (9th Cir. 2003). On March 22, 2004, the Supreme Court denied McFarland's Petition for a Writ of Certiorari. *McFarland v. United States*, 541 U.S. 950 (2004). On September 27, 2004, McFarland filed his first motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. On March 31, 2005, the Court denied McFarland's motion to vacate, set aside, or correct the conviction and sentence.

### C.    *Johnson II, Welch,* and *Dimaya*

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), that the so-called "residual clause" definition of a "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) -- the clause that defines a "violent felony" to include any felony that "[like] burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another" -- is void for vagueness. On April 18, 2016, the Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson II* announced a new substantive rule of constitutional law that applies retroactively on collateral review to ACCA-enhanced sentences. *Id.* at 1264-68. In neither decision did the Court address whether *Johnson II* applies to other sentence enhancement provisions containing residual clauses, such as 18 U.S.C. § 924(c)(3), which defines a "crime of violence" as any felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016), the Ninth Circuit extended *Johnson II* to the materially identical residual clause definition of a "crime of violence" in 18 U.S.C. § 16(b). However, the Ninth Circuit did not address whether *Johnson II* also extended to Section 924(c)(3).

### D. McFarland's Second Section 2255 Motion

On May 11, 2016, McFarland filed his second 2255 Motion. At the same time, McFarland filed a notice of filing of second or successive petition with the Ninth Circuit, requesting permission to file this 2255 Motion. On September 19, 2016, the Ninth Circuit authorized McFarland to file this 2255 Motion.

In this 2255 Motion, McFarland argues that his sentences under § 924(c) on Counts three (84 months) and five (300 months) should be set aside or vacated because, pursuant to *Johnson II*, neither his conviction for attempted armed bank robbery nor for armed bank robbery is a "crime of violence." Section 924(c) authorizes the imposition of enhanced penalties on a defendant who uses or carries a firearm while committing a "crime of violence." 18 U.S.C. § 924(c)(1)(A), (B). The term "crime of violence" is defined as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements" or "force" clause); or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual" clause). 18 U.S.C. § 924(c)(3).

McFarland argues that *Johnson II* invalidated Section 924(c)(3)'s residual clause and, therefore, his armed bank robbery and attempted armed robbery convictions cannot qualify as crimes of violence under that prong. He also contends that § 924(c)(3)'s elements clause does not categorically cover his convictions because one could theoretically be convicted of armed bank robbery or attempted armed robbery without intentionally using, attempting to use, or threatening to use force.

In its Opposition, the Government argues that McFarland's claim is procedurally defaulted and untimely. In addition, the Government argues that McFarland's claim also fails on the merits because *Johnson II* does not apply to Section 924(c) (and even if it did, it does not apply retroactively), and armed bank robbery and attempted armed bank robbery remain crimes of violence under the "force" clause of Section 924(c).

## II. Legal Standard

28 U.S.C. § 2255 provides that a federal prisoner may make a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255 (a). The range of claims which may be raised in a Section 2255 motion are narrow. *United States v. Wilcox,* 640 F.2d 970, 972 (9th Cir. 1981). In order for a claim to be cognizable under Section 2255, a motion must allege: (1) a constitutional error; (2) that the district court lacked jurisdiction to impose the sentence; (3) that the sentence was imposed in excess of the statutory maximum; or (4) that the sentence is otherwise subject to collateral attack. Id. The remedy under Section 2255 does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979),

*superseded by statute on other grounds*, Fed. R. Crim. P. 35; *Wilcox*, 640 F.2d at 973 ("Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255"). A mere error of law does not provide a basis for collateral relief under § 2255 unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 442 U.S. at 185-86.

In addition, "the Court has cautioned that § 2255 may not be used as a chance at a second appeal." *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010); *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) ("Section 2255 . . . is not designed to provide criminal defendants multiple opportunities to challenge their sentence"). A matter that has been decided adversely on appeal from a conviction cannot be relitigated on a Section 2255 motion absent changed circumstances of law or fact. *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972). Similarly, "[h]abeas relief is an extraordinary remedy and will not be allowed to do service for an appeal." *Id.* (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)) (internal quotation marks omitted).

## III. Discussion

### A. McFarland's Claim Is Not Procedurally Defaulted.

The Government argues that McFarland defaulted on his claim by failing to address the issue in his initial proceedings or on direct appeal. Although a claim is generally defaulted if it is not raised on direct appeal, such a default can be overcome where there is cause for the default and prejudice, or where the petitioner is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998). McFarland argues that, to the extent his claim is defaulted, it is excused on both "cause and actual prejudice" and "actual innocent" grounds.

In this case, the Court concludes that McFarland can demonstrate "cause and actual prejudice" to excuse the procedural default. The Government concedes that, if McFarland's "arguments are meritorious, he would have suffered prejudice." Opposition, 8:19-20. The "cause" prong is satisfied when the legal basis for a claim is unavailable to a petitioner at the time of the direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Reed v. Ross*, 468 U.S. 1, 15 (1984) ("Counsel's failure to raise a claim for which there was no reasonable basis in existing law does not seriously implicate any of the concerns that might otherwise require deference to a State's procedural bar").

Prior to *Johnson II*, McFarland's constitutional challenge to the residual clause of Section 924(c) was not reasonably available to him. A constitutional claim is not "reasonably available" if the Supreme Court decision establishing that claim: (1) explicitly overrules one of the Court's precedents; (2) overturns a longstanding and widespread practice to which the Court has not spoken, "'but which a near-unanimous body of lower court authority has expressly approved'"; or (3) disapproves a practice that the Court "'arguably has sanctioned in prior cases.'" *Reed*, 468 U.S. at 17 (*quoting United States v. Johnson*, 457 U.S. 537 (1982)). "By definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a . . . court to adopt the position that [the Supreme Court] has ultimately adopted," and such a case will satisfy the cause requirement. *Id.*

McFarland's challenge to Section 924(c)'s residual clause meets the second *Reed* criterion. In 1990, well before McFarland's sentencing, the Ninth Circuit expressly ruled that the "ACCA is not void for vagueness," and the Supreme Court denied certiorari. *United States v. Sorenson*, 914 F.2d 173, 175 (9th Cir. 1990), *cert. denied*, 498 U.S. 1099 (1991)). At all times from the *Sorenson* decision in 1990 to *Johnson II* in 2015, the Ninth Circuit has consistently rejected vagueness claims to the residual clauses of the ACCA and the Sentencing Guidelines as either meritless or foreclosed. *See, e.g., United States v. Martinez*, 771 F.3d 672, 678 (9th Cir. 2014), *vacated and remanded in light of Johnson II*, 135 S. Ct. 2939 (2015); *United States v. Spencer*, 724 F.3d 1133, 1145-46 (9th Cir. 2013), *amended by* 580 F. App'x 619 (9th Cir. 2014); *United States v. Argo*, 925 F.2d 1133, 1134-35 (9th Cir. 1991). In addition, in the years following McFarland's case, a "solid wall of circuit authority" rejected void-for-vagueness challenges to the ACCA. *See, e.g., United States v. Martin*, 753 F.3d 485, 494 (4th Cir. 2014); *United States v. Phillips*, 752 F.3d 1047, 1051-52 (6th Cir. 2014); *United States v. Van Mead*, 773 F.3d 429, 438 n.7 (2d Cir. 2014); *United States v. Blair*, 734 F.3d 218, 223 n.5 (3d Cir. 2013); *United States v. Brown*, 734 F.3d 824, 827 (8th Cir. 2013); *United States v. Orona*, 724 F.3d 1297, 1310-11 (10th Cir. 2013); *United States v. Jones*, 689 F.3d 696, 704-05 (7th Cir. 2012); *United States v. Hart*, 674 F.3d 33, 41 n.3 (1st Cir. 2012); *United States v. Jackson*, 250 F. App'x 926, 930 (11th Cir. 2007). Thus, this "solid wall of circuit authority" that would have faced McFarland had he made an earlier challenge to the residual clause of Section 924(c) demonstrates that this constitutional claim was not reasonably available to him and establishes cause. *English v. United States*, 42 F.3d 473, 479 (9th Cir. 1994) (internal citation omitted).

      **B.**    **McFarland's Claim Is Timely.**

The Government also argues that McFarland's 2255 Motion is time-barred. 28 U.S.C. § 2255(f) provides: "[a] 1-year period of limitation shall apply . . . from the latest of – (1) the date on which the judgment of conviction becomes final; . . . [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Although the one year limitation period has expired since McFarland's conviction became final on September 21, 2001, McFarland's case fits within Section 2255(f)(3). As the Government notes, the Ninth Circuit has yet to declare that the right asserted in *Johnson II* applies to Section 924(c), much less that it is "retroactively applicable" to Section 924(c) cases. However, the Supreme Court recently announced that the *Johnson II* rule is substantive and, thus, retroactively applies to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Because *Johnson II* announced a new right that retroactively applies to cases on collateral review, the Court concludes that McFarland's claim is timely pursuant to Section 2255(f)(3). Accordingly, the Court declines to dismiss McFarland's claim and will consider the merits of his claim.

      **C.**    **Armed Bank Robbery and Attempted Armed Bank Robbery Remain Crimes of Violence Under the Force Clause of Section 924(c)(3)(A).**

In his 2255 Motion, McFarland argues that *Johnson II* invalidated Section 924(c)(3)'s residual clause and, therefore, his armed bank robbery and attempted armed robbery convictions cannot qualify as crimes of violence under that prong. He also argues that Section 924(c)(3)'s elements clause does not categorically cover his convictions for armed bank robbery and

attempted armed robbery because one could theoretically be convicted of armed bank robbery or attempted armed robbery without intentionally using, attempting to use, or threatening to use force. In its Opposition, the Government argues that *Johnson II* does not apply to Section 924(c) (and even if it did, it does not apply retroactively), and armed bank robbery and attempted armed bank robbery remain crimes of violence under the force clause of Section 924(c).

In this case, even if McFarland's Section 924(c) convictions could be vacated because the residual clause is void for vagueness under *Johnson II*, the Court concludes that McFarland's predicate offense of armed bank robbery and attempted armed bank robbery, 18 U.S.C. § 2113(a), (d), qualify as "crimes of violence" under the "force clause," § 924(c)(3)(A).[1] *See, e.g., In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) (upholding Petitioner's conviction under § 924(c) even though the residual clause was unconstitutional under *Johnson II*, because armed bank robbery is a crime of violence under the force clause).

To determine whether McFarland's convictions for armed bank robbery and attempted armed bank robbery are "crimes of violence" the Court applies the "categorical approach" laid out in *Taylor v. United States*, 495 U.S. 575 (1990). *United States v. Amparo*, 68 F.3d 1222, 1224–26 (9th Cir. 1995); *see also United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir. 2006) (as amended) (applying the categorical approach to the definition of a "crime of violence" found in U.S.S.G. § 4B1.2). Under this approach, the Court does not look to the particular facts underlying the conviction, but "compare the elements of the statute forming the basis of the defendant's conviction with the elements of" a "crime of violence." *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) (describing this approach under 18 U.S.C. § 924(e)).

In resolving this issue, the Court considers whether the charged offenses - armed bank robbery and attempted armed bank robbery - qualify categorically as crimes of violence under Section 924(c)(3)(A). In doing so, the Court compares the elements of Section 2113, the bank robbery statute, to the definition of a "crime of violence" found in Section 924(c)(3).

Section 924(c)(3)(A), the "force" clause, defines a "crime of violence" as an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B), the "residual" clause, defines a "crime of violation" as an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The bank robbery statute provides:

---

[1] In *Johnson II*, the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e), is facially void for vagueness. *See* 135 S. Ct. at 2557. McFarland urges the Court to extend that holding here to the similarly worded Section 924(c)(3)(B) residual clause. Because the Court finds that the predicate crimes at issue – violations of Section 2113(a) and (d) – are crimes of violence under the Section 924(c)(3)(A) force clause, the Court declines McFarland's invitation and expresses no view on whether the statute qualifies as a crime of violence under the Section 924(c)(3)(B) residual clause.

>   (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
>   Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny –
>
>   Shall be fined under this title or imprisoned not more than twenty years, or both . . .
>
>   (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113.

Under well-established, pre-*Johnson II* Ninth Circuit law, armed bank robbery in violation of Section 2113(a) and (d) categorically qualifies as a crime of violence for purposes of Section 924(c). *United States v. Wright*, 215 F.3d 1020 (9th Cir. 2000); *see also United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (holding that a conviction for robbing a bank 'by force and violence, or by intimidation,' under 18 U.S.C. § 2113(a) is a crime of violence for purposes of sentence enhancement as a career criminal under § 4B1.1)"); *United States v. Arnett*, 2006 WL 2038531 (E.D. Cal. July 18, 2006) (applying *Selfa*). These principles have not been expressly overruled or abrogated in the wake of the Supreme Court's rulings in *Johnson II*, and they have not been overruled or abrogated by any decision of the Ninth Circuit. *See, e.g., Velasco v. United States*, 2015 WL 8276806, at *4 (D. Ariz. Oct. 23, 2015) ("Movant's conviction for two counts of bank robbery in violation of 18 U.S.C. § 2113(a) constitutes a violent felony under the ACCA's 'elements clause,' 18 U.S.C. § 24(e)(2)(B)(i)").

>   1.  **Armed Bank Robbery and Attempted Armed Bank Robbery Are Crimes That Require Violent Force.**

McFarland argues that armed bank robbery is not a crime of violence because it does not require violent force. However, "any act or threatened act which engenders a fear of injury implicates force and potential violence." *United States v. Standberry*, 2015 WL 5920008, at *4. (E.D. Va. Oct. 9, 2015) ("Fear is the operative element facilitating the taking"). Consistent with this commonsense understanding of the interplay between fear of injury and physical force, the Ninth Circuit "has defined 'intimidation' under section 2113(a) to mean 'wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'" *Selfa*, 918 F.2d at 751 (*quoting United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). The Ninth Circuit held in *Selfa* that this definition of intimidation "is sufficient to meet the section 4B1.2(a)(1)

requirement of a 'threatened use of physical force.'" *Id.* (*citing United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir. 1989)) ("The requirement that property be taken either 'by force and violence' or 'by intimidation' requires proof of force or threat of force as an element of the offense")); *see also United States v. Arnett*, 2006 WL 2038531, at *2-3 (E.D. Cal. July 18, 2006) (rejecting defendant's contention that armed bank robbery is not categorically a crime of violence, relying upon *Selfa*'s definition of "intimidation," where defendant argued that he did not intend any physical force against bank tellers, and where defendant carried a firearm). Thus, "intimidation" satisfies the requirement of "threatened use of physical force," or force "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*").

In addition, in Counts 2 and 4, McFarland was charged with, and convicted of, violations of Section 2113(a) and (d), and Subsection (d) requires, in committing or attempting to commit an offense of Subsection (a), that the defendant put "in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). Thus, Subsection (d)'s additional element that the defendant "puts in jeopardy the life of any person by the use of a dangerous weapon," categorically defines Counts 2 and 4 as a "crimes of violence."

### 2. Armed Bank Robbery and Attempted Armed Bank Robbery Are Crimes That Require the Intentional Use of Force.

McFarland also argues that a defendant can be convicted under Section 2113(a) and (d) without intentionally using physical force. For a defendant to "use" violent force for the purposes of a "crime of violence" determination, the defendant must do so intentionally, not just recklessly or negligently. *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (analyzing ACCA's force clause). The Court rejects McFarland's attempt to cast the statute as capturing passive conduct. Courts considering similar arguments held that "Section 2113(a) may be a general intent statute, but taking money by force, violence or intimidation involves a higher degree of culpability than accidental, negligent, or reckless conduct." *United States v. Mitchell*, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015) (citation omitted). In addition, as stated previously, the Ninth Circuit's definition of intimidation as incorporating a willfulness component forecloses this argument. *See Selfa*, 918 F.2d at 751 (defining "'intimidation' under Section 2113(a) to mean 'wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'") *(quoting United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)).

Having considered McFarland's arguments, the Court finds that Section 2113(a) and (d) categorically qualify as crimes of violence under Section 924(c)(3)(A). *In re Hines,* 824 F.3d 1334; *Mitchell*, 2015 WL 7283132; *United States v. Strong*, 2015 WL 6394237, at *2 (W.D.N.C. Oct. 21, 2015). Accordingly, McFarland's 2255 Motion is denied.

### D. The Court Denies the Certificate of Appealability.

Under 28 U.S.C. § 2253(c), a federal prisoner must seek and obtain a certificate of appealability ("COA") to appeal the district court's denial of relief under Section 2255. 28 U.S.C. § 2253 (c)(1). A district judge may also issue a COA. *See* Fed. R. App. P. 22 (b); *United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) ("[D]istrict courts possess the authority to issue certificates of appealability in § 2255").

A "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). The petitioner must show that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

In this case, McFarland fails to meet this burden. Because armed bank robbery and attempted armed bank robbery are crimes of violence under the force clause, § 924(c)(3)(A), reasonable jurists could not debate whether McFarland's Section 2255 Motion could be decided differently. Therefore, the Court declines to issue McFarland a certificate of appealability.

## IV. Conclusion

For all the foregoing reasons, McFarland's 2255 Motion is **DENIED** and McFarland's Certificate of Appealability is **DENIED**.

IT IS SO ORDERED.